## LETTER ROGATORY

TO:   JUDICIAL AUTHORITIES OF THE ONTARIO SUPERIOR COURT OF JUSTICE
      29 SECOND STREET WEST, CORNWALL, ONTARIO, CANADA K6J 1G3


A proceeding is pending in this Court at the City of Lexington, State of Kentucky, United States of America between Brake Parts, Inc. and David Lewis.

It has been shown to this Court that it appears necessary for the purpose of justice that a witness residing within your jurisdiction be examined there as justice requires that the taking of commission evidence be ordered.

You are requested, in furtherance of justice, to cause a corporate representative of Satisfied Brake Products Inc., a friction material manufacturer located in Cornwall, Ontario, Canada, to produce the documents and things listed at Exhibit A to this Letter Rogatory and to respond to the questions posited through Interrogatories at Exhibit B, and for the appropriate corporate representative to appear to be deposed under oath or affirmation.

Any documents produced will be subject to a Protective Order entered in this matter. The documents requested that are responsive to the requests accompanying this letter, or which may be relevant to this action, that are within the possession, custody, or control of Satisfied Brake Products Inc., should be preserved and maintained.

This Court has determined that Satisfied Brake Products Inc. may have had contact with the Defendant in the proceeding pending here, making the evidence sought by this request relevant and potentially necessary, and admissible at trial. Because Satisfied Brake Products Inc. maintains offices in Cornwall, Ontario, the evidence sought is not otherwise obtainable by power of this Court. As this case involves the possible misappropriation of proprietary corporate items, the interests sought to be protected through allowing this discovery are not contrary to public policy. The documents sought through Exhibit A are identified with reasonable specificity, and the production and appearance for deposition does not appear to place an undue burden on Satisfied Brake Products Inc.

You are also requested to permit the conduct of the deposition of the witness in accordance with the Federal Rules of Evidence and the Federal Rules of Civil Procedure of the United States of America through the notice at Exhibit C.

And when you request it, the Courts of the United States of America are ready and willing to do the same for you in a similar case.

CH1 11713377.1

This Letter Rogatory is signed and sealed by the Order of this Court.

Dated: _____                   _____
                                                          Karl S. Forester
                                                Judge, United States District Court


                                          _____
                                                        Leslie G. Whitmer
                                                Clerk, United States District Court


State of Kentucky        )
                         ) SS
County of Fayette        )

                                    I, the undersigned, a Notary Public in and for said
                                    County in the State aforesaid, DO HEREBY
                                    CERTIFY THAT:


                                    _____ Karl S. Forester _____


                                    personally known to be the same person whose
                                    name as United States District Court Senior Judge
                                    of the Eastern District of Kentucky, residing in
                                    Fayette County, Kentucky is subscribed to the
                                    foregoing instrument, appeared before me this day
                                    in person, and acknowledged the signed, delivered
                                    the said instruments as his free and voluntary act as
                                    such District Court Senior Judge, for the uses and
                                    purposes therein set forth.


Give under my hand and official seal this
_____ day of _____, 2009.

Commission expires : _____


2

CH1 11713377.1

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

**BRAKE PARTS, INC.,**
a Delaware Corporation,                         )
                                                )
          Plaintiff,                            )     Case No. 09-132-KSF
                                                )
     vs.                                        )
                                                )     Hon. Karl S. Forester
**DAVID LEWIS,**                                )     Senior Judge
an individual,                                  )
                                                )
          Defendant.                            )

### FIRST SET OF REQUESTS FOR PRODUCTION TO
### FOREIGN NON-PARTY SATISFIED BRAKE PRODUCTS, INC.

Plaintiff Brake Parts, Inc., by counsel and pursuant to Rule 34 of the Federal Rules of

Civil Procedure, requests that foreign non-party Satisfied Brake Products, Inc. ("Satisfied")

produce for inspection and copying within seven (7) days of service, at the office of Seyfarth

Shaw LLP, 131 S. Dearborn St., Ste. 2400, Chicago, Illinois 60603, the documents and items

described below which are in the possession, control, or custody of Satisfied or its agents.

### DEFINITIONS

1.      The terms "document" and "documents," as used herein, have their customary

and broad meanings which include, by way of example and without limitation, all written,

recorded, or graphic matter, however produced or reproduced, of every kind and description and

whether in draft or final form, that is now or at any time was in your possession, custody, or

control, including, but not limited to,  papers, books, letters, photographs, maps, objects, tangible

things, correspondence, telegraphs, memoranda, findings, interoffice communications, reports,

studies, schedule analyses, investigations, surveys, contracts, licenses, agreements, vouchers,

working papers, statistical records, desk calendars, appointment books, diaries, daily reports,

CH1 11712445.1

time sheets or logs, notations, plans, schematic drawings, models, change orders, computer printouts, electronic media (including, but not limited to, e-mails (whether stored within an in box, out box, sent box, trash box, or in any other manner), e-mail logs, computer memory, hard discs, floppy discs, compact discs, and magnetic tapes of any kind), pleadings, depositions, notes or sound recordings of any conversations, notes of meetings or conferences, minutes of any meetings, witness interview notes, and any item transmitted by means of a facsimile machine.

2.      References to "person" or "persons" shall include all individuals, entities, predecessors in interest, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies and boards, and their agents and employees.

3.      References to "communication" or "contacts" refers to any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file, telephone conversations, meetings, letters, and telegraphic and facsimile communications.

4.      "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually connected with the matter discussed.

5.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

2

CH1 11712445.1

6.      The terms "you" or "your" shall refer to Satisfied Brake Products as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

7.      When used in these discovery requests, the terms "Defendant" and "Lewis" shall mean David Lewis, his agents, representatives, assignees, successors, predecessors, and, unless privileged, his attorneys.

8.      When used in these discovery requests, the terms "Plaintiff," "Brake Parts Inc." and "BPI" shall mean Brake Parts, Inc., its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

9.      When used in these discovery requests, the term "Roulunds," "Midwest Air Technologies" and "MAT" shall refer to Roulunds Braking, Inc. and/or MAT Holdings, Inc, as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

10.     When used in these discovery requests, the term "Thermal Ceramics" shall refer to Thermal Ceramics and/or Morgan Crucible plc, as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

11.     When used in these discovery requests, the term "Fras-Le" shall refer to Fras-Le North America, Inc., as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

## **INSTRUCTIONS**

1.      These discovery requests extend to documents in the possession or control of your employees, officers, consultants, accountants, agents, representatives, assignees, and unless privileged, your attorneys.

CH1 11712445.1

2.      If you object to, or otherwise decline to respond to, any portion of a Request, please provide all documents called for by that portion of the Request to which you do not object or to which you do not decline to answer.  If you object to a Request on the ground that it is too broad (i.e., that it calls both for documents which are relevant to the subject matter of the action and documents which are not), please provide such documents as are concededly relevant.  If you object to a Request on the ground that to provide documents would constitute an undue burden, please provide such requested documents as can be supplied without undertaking an undue burden.

3.      All objections or answers to these Requests which fail or refuse fully to respond to any Production Request on the ground of any claim of privilege of any kind shall:

(a)      State the nature of the claim of privilege;

(b)      State all facts relied upon in support of the claim of privilege or related thereto;

(c)      Identify all documents related to the claim of privilege;

(d)      Identify all persons having knowledge of any facts related to the claim of privilege;

(e)      Provide a description of each document withheld sufficient to validate the privilege claimed, including the date of each document, its author and all recipients; and

(f)      To the extent not privileged, describe the subject matter of the document.

4.      These Requests are continuing in nature.  You shall provide additional documents, by way of supplemental responses, as you or any person acting on your behalf may hereafter obtain or become aware of, which will augment, modify or clarify the responses now given, or otherwise be responsive to any of these Requests.

5.      Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to obtain the broadest possible meaning.

4

6.      Documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the paragraphs and subparagraphs of the Production Requests set forth below.

7.      These Requests are intended to cover all information and documents in your possession, custody or control.  If any document described in the Requests or responses thereto was, but no longer is, in your custody or control, or in existence, state whether:

     a.      It is missing or lost;

     b.      It has been destroyed;

     c.      It has been transferred, voluntarily or involuntarily, to others; or

     d.      It has been disposed of otherwise.

8.      In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof, including but not limited to a copy of the document retention policy.  Identify each document by listing its author, the author's address, type of document, date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

9.      If the requested document is known to exist, but the responding party does not possess or have custody or control over the document, it shall be so indicated along with the name of the person who has possession, custody or control of the document.

## DOCUMENTS REQUESTED

1.      Any and all documents in your possession which were previously in the possession, custody, or control of BPI, including, but not limited to, all documents, whether electronic or hard copies.

2.      Any and all documents or information provided to you by David Lewis since January 2008.

5

CH1 11712445.1

3.      Any and all communications between you and David Lewis regarding BPI, BPI formulas, brake parts, brake pads, friction coefficients, testing, Thermal Ceramics, and/or any other subject related to the development, formulation, manufacture or production of friction materials.

4.      All documents evidencing or relating to any and all communications between you and Thermal Ceramics from January 1, 2008 to the present regarding BPI, BPI formulas, brake parts, brake pads, friction coefficients, testing, and/or any other subject related to the development, formulation, manufacture or production of friction materials.

5.      Any and all documents evidencing or relating to research and development since January 1, 2008 involving Thermal Ceramic materials, including but not limited to, comparative testing for friction application of high temperature fibers.

6.      All documents evidencing or relating to the formulas, processes, techniques or efforts to manufacture brake pad samples in connection with, as a result of, or in any way related to, Dave Lewis and/or Thermal Ceramics since January 1, 2008.

7.      All documents evidencing or relating to any and all communications between you and any friction material manufacturer which occurred in any connection with (including, but not limited to by, through, with, directly or indirectly) David Lewis from January 1, 2008 to the present regarding BPI, BPI formulas, brake parts, brake pads, friction coefficients, testing, and/or any other subject related to the development, formulation, manufacture or production of friction materials.

8.      All documents that you provided to Thermal Ceramics since January 1, 2008 related to non-ferrous brake pads and/or high temperature fibers.

6

9.      All documents evidencing any payments made by you to David Lewis and/or Thermal Ceramics since January 1, 2008.

10.      All documents evidencing any payments provided to you, since January 1, 2008, received as a result of any effort or action associated in any manner with David Lewis.

11.      All documents evidencing or relating to any meetings between you and David Lewis since January 1, 2008.


DATED:  April 30, 2009

                              Respectfully submitted,

                              BRAKE PARTS, INC.

                              By:   /s/ Jason P. Stiehl_____

                              Barry D. Hunter
                              Frost Brown Todd
                              Lexington Financial Center
                              250 West Main, Suite 2800
                              Lexington, Kentucky  40507-1749

                              Michael D. Wexler,
                              Jason P. Stiehl
                              Seyfarth Shaw LLP
                              131 S. Dearborn Street, Suite 2400
                              Chicago, Illinois 60603-5577
                              (312) 460-5000
                              Attorneys for Plaintiff

7

CH1 11712445.1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify that he caused a true and correct copy of the foregoing **FIRST SET OF REQUESTS FOR PRODUCTION TO FOREIGN NON-PARTY SATISFIED BRAKE PRODUCTS, INC.** to be served upon Satisfied Brake Products, Inc. by electronic mail this 30th day of April, 2009.


       /s/ Jason P. Stiehl
       One of the Attorneys for Brake Parts, Inc.

CHI 11712445.1

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| **BRAKE PARTS, INC.,** | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09-132-KSF |
| | ) | |
| vs. | ) | |
| | ) | Hon. Karl S. Forester |
| **DAVID LEWIS,** | ) | Senior Judge |
| an individual, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST SET OF INTERROGATORIES TO
FOREIGN NON-PARTY SATISFIED BRAKE PRODUCTS, INC.**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Brake Parts, Inc. ("BPI"), by and through its attorneys, requests that foreign non-party Satisfied Brake Products, Inc. ("Satisfied") answer BPI's First Set of Interrogatories to Satisfied (the "Interrogatories") within seven (7) days of service hereof.

**DEFINITIONS**

1.      The terms "document" and "documents," as used herein, have their customary and broad meanings which include, by way of example and without limitation, all written, recorded, or graphic matter, however produced or reproduced, of every kind and description and whether in draft or final form, that is now or at any time was in your possession, custody, or control, including, but not limited to,  papers, books, letters, photographs, maps, objects, tangible things, correspondence, telegraphs, memoranda, findings, interoffice communications, reports, studies, schedule analyses, investigations, surveys, contracts, licenses, agreements, vouchers, working papers, statistical records, desk calendars, appointment books, diaries, daily reports, time sheets or logs, notations, plans, schematic drawings, models, change orders, computer

printouts, electronic media (including, but not limited to, e-mails (whether stored within an in box, out box, sent box, trash box, or in any other manner), e-mail logs, computer memory, hard discs, floppy discs, compact discs, and magnetic tapes of any kind), pleadings, depositions, notes or sound recordings of any conversations, notes of meetings or conferences, minutes of any meetings, witness interview notes, and any item transmitted by means of a facsimile machine.

2.      References to "person" or "persons" shall include all individuals, entities, predecessors in interest, associations, firms, companies, partnerships, joint ventures, corporations, subsidiaries, trusts, estates, departments, divisions, affiliates, groups, bureaus, public agencies and boards, and their agents and employees.

3.      References to "communication" or "contacts" refers to any transfer of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstances, and is not limited to written or verbal transfers between natural persons, but includes all other transfers, including, but not limited to, electronic transfers, transfers of information stored on computer disk or computer memory, and memoranda to file, telephone conversations, meetings, letters, and telegraphic and facsimile communications.

4.      "Related to" or "relating to" means consisting of, referring to, pertaining to, reflecting, supporting, prepared in connection with, used in preparation for, or being in any way legally, logically or factually connected with the matter discussed.

5.      "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

CH1 11712433.1

6.     The terms "you" or "your" shall refer to Satisfied Brake Products, Inc. as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

7.     When used in these discovery requests, the terms "Defendant" and "Lewis" shall mean David Lewis, his agents, representatives, assignees, successors, predecessors, and, unless privileged, his attorneys.

8.     When used in these discovery requests, the terms "Plaintiff," "Brake Parts Inc." and "BPI" shall mean Brake Parts, Inc., its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

9.     When used in these discovery requests, the term "Roulunds," "Midwest Air Technologies" and "MAT" shall refer to Roulunds Braking, Inc. and/or MAT Holdings, Inc, as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

10.     When used in these discovery requests, the term "Thermal Ceramics" shall refer to Thermal Ceramics and/or Morgan Crucible plc, as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

11.     When used in these discovery requests, the term "Fras-Le" shall refer to Fras-Le North America, Inc., as well as its agents, representatives, assignees, subsidiaries, affiliates, successors, predecessors, and unless privileged, its attorneys.

## INSTRUCTIONS

1.     These discovery requests extend to documents and information in the possession or control of your employees, officers, consultants, accountants, agents, representatives, assignees, and unless privileged, your attorneys.

3

CHI 11712433.1

2.      If you object to, or otherwise decline to respond to, any portion of an Interrogatory, please provide all documents or information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer.  If you object to an Interrogatory on the ground that it is too broad (i.e., that it calls both for documents or information which is relevant to the subject matter of the action and documents or information which is not), please provide such documents or information as is concededly relevant.  If you object to an Interrogatory on the ground that to provide documents or information would constitute an undue burden, please provide such requested documents or information as can be supplied without undertaking an undue burden.

3.      All objections or answers to these Interrogatories which fail or refuse fully to respond to any Interrogatory on the ground of any claim of privilege of any kind shall:

      a.      State the nature of the claim of privilege;

      b.      State all facts relied upon in support of the claim of privilege or related thereto;

      c.      Identify all documents or information related to the claim of privilege;

      d.      Identify all persons having knowledge of any facts related to the claim of privilege;

      e.      Provide a description of each document withheld sufficient to validate the privilege claimed, including the date of each document, its author and all recipients; and

      f.      To the extent not privileged, describe the subject matter of the documents or information.

4

CH1 11712433.1

4.     These Interrogatories are continuing in nature.  You shall provide additional documents or information, by way of supplemental responses, as you or any person acting on your behalf may hereafter obtain or become aware of, which will augment, modify or clarify the answers now given, or otherwise be responsive to any of these Interrogatories.

5.     Where appropriate, the singular form of a word should be interpreted in the plural and vice versa, to obtain the broadest possible meaning.

6.     These Interrogatories are intended to cover all information and documents in your possession, custody or control.  If any information or documents described in the Interrogatories or answers thereto was, but no longer is, in your custody or control, or in existence, state whether:

a.     It is missing or lost;

b.     It has been destroyed;

c.     It has been transferred, voluntarily or involuntarily, to others; or

d.     It has been disposed of otherwise.

7.     In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof, including but not limited to a copy of the document retention policy.  Identify each document by listing its author, the author's address, type of document, date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) are still in existence.

## **INTERROGATORIES**

1.     Identify all documents in your possession which were previously in the possession, custody, or control of BPI or that you obtained, directly or indirectly, from BPI's databases, files, or computers.

5

CH1 11712433.1

2.      Identify any and all compensation provided to David Lewis from January 1, 2008 to present.

3.      Identify all discussions with Dave Lewis since January 1, 2008 in which you have discussed brake pads, brake parts, friction materials, friction material formulas, BPI, or BPI formulas, and identify the date which such discussion took place, all persons present for the discussion, the topics discussed, the length of the discussion, and if subsequent discussions occurred related to the discussion, identify those in similar detail.

4.      Identify all formulas, methods or processes provided to you by Dave Lewis, and indicate the date such information was provided to you, the method by which it was provided, all persons who have subsequently received the information, and the reason such information was provided to you.

5.      Identify all testing you have performed, supervised, participated in, or initiated regarding any information provided to you by Lewis since January 1, 2008, indicating the item(s) tested, the test performed, the date of the test, the location of the test, the results of the test, and any recipients of the results of the test.

6.      Identify all communications and meetings you have had with Thermal Ceramics since January 1, 2008, including the date, subject matter, and persons present.

7.      Identify all persons participating in any way in answering these Interrogatories.

8.      Identify all persons having knowledge of any of the facts alleged in the Complaint in this cause and state the substance of the facts of which each has knowledge.

CH1 11712433.1

DATED:  April 30, 2009

Respectfully submitted,

BRAKE PARTS, INC.

By:    /s/ Jason P. Stiehl

Barry D. Hunter
Frost Brown Todd
Lexington Financial Center
250 West Main, Suite 2800
Lexington, Kentucky  40507-1749

Michael D. Wexler (admission pending)
Jason P. Stiehl (admission pending)
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
(312) 460-5000
Attorneys for Plaintiff

7

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | | |
|---|---|---|
| **BRAKE PARTS, INC.,**<br>a Delaware Corporation, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Case No. 09-cv-132 KSF |
| vs. | ) <br> ) <br> ) | Hon. Karl S. Forester |
| **DAVID LEWIS,**<br>an individual, | ) <br> ) <br> ) | United States Senior Judge |
| Defendant. | ) <br> ) | |

## <u>NOTICE OF RULE 30(b)(6) DEPOSITION FOR SATISFIED BRAKE PRODUCTS INC.</u>

Please take note that pursuant to Federal Rule of Civil Procedure 30(b)(6), and subject to the Definitions and Instructions set forth in the First Requests for Documents, Plaintiff Brake Parts, Inc. will take the deposition of Satisfied Brake Products Inc. ("Satisfied") on May 25, 2009 at 9:30 a.m., upon oral examination before a Notary Public or some other officer authorized by law to administer oaths. The deposition will be conducted at the offices of Ravinsky Ryan Lemoine, Place du Canada, 1010 Rue de la Gauchetiere ouest, Ste. 1200, Montreal, Quebec, H3B 2N2, or such other location as may be agreed upon between the parties, and shall continue from day to day until completed.

Satisfied is hereby directed to designate one or more officers, directors, managing agents, or other persons, either currently or formerly employed, to testify on its behalf about the following matters known or reasonably available to Satisfied:

1. The relationship between David Lewis and Satisfied;

2. The relationship between Satisfied and Thermal Ceramics;

3. BPI formulations, processes or techniques;

4.     Non-ferrous brake pads developed, manufactured, and/or tested by Satisfied since January 1, 2008;

5.     Communications between David Lewis and Satisfied; and

6.     Communications between Thermal Ceramics and Satisfied.

DATED:  April 30, 2009

Respectfully submitted,

BRAKE PARTS, INC.

By:   /s/ Jason P. Stiehl_____

Barry D. Hunter
Frost Brown Todd
Lexington Financial Center
250 West Main, Suite 2800
Lexington, Kentucky  40507-1749

Michael D. Wexler (admission pending)
Jason P. Stiehl (admission pending)
Seyfarth Shaw LLP
131 S. Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
(312) 460-5000
Attorneys for Plaintiff

1.     CH1 11714956.1