UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-132-KSF

BRAKE PARTS, INC.,                                                   PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

DAVID LEWIS,                                                    DEFENDANT

* * * * * * * * * *

## I. INTRODUCTION

Plaintiff Brake Parts, Inc. ("BPI"), filed this action against defendant David Lewis ("Lewis"), a former employee of BPI who held the position of Principal Development Engineer at the time his employment with BPI was terminated, asserting claims for breach of contract (the Invention and Disclosure Agreement ("IDA")), for actual and threatened misappropriation of trade secrets and confidential information, and for breach of fiduciary duty and duty of loyalty to BPI. Summarizing BPI's complaint, BPI claims that during this employment with BPI and its predecessors, Lewis was entrusted with BPI's confidential and proprietary information concerning the development and manufacturing of its brake pads, that subsequent to the termination of his employment with BPI, Lewis has provided consulting services to one of its competitors in Denmark, and that Lewis has traveled to Europe, Canada, and South America, has met with friction material manufacturers, and has improperly disclosed BPI's formulations, techniques, and processes, all in violation of the IDA and the Kentucky Uniform Trade Secrets Act.

BPI seeks compensatory damages, punitive damages, declaratory and injunctive relief, its attorney's fees and costs, and other relief from Lewis.

This matter is currently before the court on BPI's motion for the Issuance of a Letter Rogatory concerning a deposition it proposes to take of a foreign, non-party hereto in Canada.[1]

---

[1]This motion for Issuance of a Letter Rogatory was made pursuant to, and in conformity with, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters,

By Order of May 19, 2009, the presiding district judge referred BPI's motion for the Issuance of a Letter Rogatory to the Magistrate Judge for hearing and disposition, pursuant to 28 U.S.C. § 636(b)(1)(A). See DE #31.[2] Subsequently, upon full briefing of BPI's motion for the Issuance of a Letter Rogatory, the Magistrate Judge heard said motion on June 17, 2009. The parties attempted to reach an agreement on this matter and to submit a proposed agreed order to the court but were unable to do so. Thus, this matter now stands submitted for resolution.

## II.  BPI'S MOTION FOR ISSUANCE OF A LETTER ROGATORY

As grounds for its motion for the issuance of a letter rogatory, BPI states that it needs to obtain discovery from and to take the deposition of the corporate representative of Satisfied Brake Products, Inc. ("Satisfied"), a non-party to this action and a foreign corporation located in Ontario, Canada. In support of that statement, BPI advises that it is entitled to take discovery from Satisfied because defendant Lewis, either directly and/or through another third party, utilized the facilities at Satisfied to manufacture brake pads, which, upon information and belief, were generated utilizing BPI's proprietary and confidential information, including, but not limited to, formulations, techniques and processes, which Lewis obtained and misappropriated from BPI.

BPI submits that issuing the requested letter rogatory will allow it to undertake discovery of Satisfied, a Canadian company which appears to have direct connection to the issues at hand in this case, including the misappropriation and use of BPI's formulations, as well as to learn the nature and
extent of the relationship between the defendant Lewis and Satisfied.

Satisfied objects to BPI's motion, contending that the proposed discovery BPI seeks from it is so broad that it violates the Federal Rules of Civil Procedure and that BPI is simply on a

---

T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C.A. § 1781 ("Hague Evidence Convention"), which is in force between the United States of America and Canada.

   [2] A copy of the foregoing referral Order from the presiding district judge is attached hereto.

"fishing expedition." Satisfied also argues that BPI's letter rogatory is unnecessary because any relevant, non-objectionable discovery requests can be answered by defendant Lewis and that BPI should obtain discovery from Lewis before obtaining discovery from it. Satisfied further asserts that BPI's letter rogatory attempts to use impermissible methods of discovery from a non-party in that BPI's interrogatories and document requests were made pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure which govern the discovery obtained from a party, whereas it is a *non-party* to this action. Satisfied notes that BPI may obtain discovery from a non-party by use of a deposition under Rules 30 and 31 of the Federal Rules of Civil Procedure or a subpoena issued under Rule 45.

Alternatively, Satisfied requests that in the event the court issues the letter rogatory, the court should limit the discovery sought by BPI to three areas: (1) any information that Satisfied was provided by David Lewis that belongs to BPI or third parties that is not related to any of Satisfied's own confidential and proprietary information, (2) any documents that Satisfied was provided by David Lewis that belong to BPI or third parties that is not related to any of Satisfied's own confidential and proprietary information, and (3) information regarding the nature of any relationship
Satisfied might have with David Lewis.

## Applicable Law

It is undisputed that the courts have inherent authority to issue letters of request. See *DBMS Consultants Ltd. v. Computer Associates Int'l, Inc.,* 131 F.R.D. 367, 369 (D. Mass. 1990) ("It is settled that the courts have inherent authority to issue letters rogatory."). *Id.*

Rule 28(b)(3) of the Federal Rules of Civil Procedure provides that a deposition may be taken in a foreign country pursuant to a letter rogatory "issued on application and notice and on terms that are just and appropriate." On an application for the issuance of a letter rogatory seeking a deposition in a foreign country, the Court will not ordinarily weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony.

*B & L Drilling Electronics v. Totco*, 87 F.R.D. 543, 545 (W. D. Okla.1978) (citing 26A C.J.S. Depositions § 28, at 318 (1956)). Courts and commentators take the position that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory. *Eg.*, *Zassenhaus v. Evening Star Newspaper Co.*, 404 F.2d 1361, 1364 (D. C. Cir.1968); Wright & Miller, 8 Federal Practice And Procedure § 2083, text and noted cases at n. 22 (1990 Supp.). Whether such a showing has been made and whether and in what form a letter rogatory should issue are factual determinations turning upon the circumstances of the particular case. *B & L Drilling Elecs. v. Totco*, 87 F.R.D. at 545 (citing 26A C.J.S. Depositions, *supra*).

## Discussion/Analysis

**A.     Form of discovery requests accompanying BPI's request for a letter rogatory**

Satisfied contends that BPI's letter rogatory attempts to use impermissible methods of discovery from a non-party in that BPI's interrogatory and document requests were made pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure which govern the discovery obtained from a party, whereas it is a *non-party* to this action. As a non-party, Satisfied argues that BPI may obtain discovery from it only by use of a deposition under Rules 30 and 31 of the Federal Rules of Civil Procedure or a subpoena issued under Rule 45.

The Magistrate Judge is unpersuaded by Satisfied's argument concerning the "form" of discovery requested in the Letter Rogatory. Satisfied fails to recognize that the letter rogatory is being requested under Fed. R. Civ. P. 28(b)(3), which allows a Court to issue a Letter Rogatory on any terms which are "just and appropriate," which can include any method prescribed under the Federal Rules, including, e.g., deposition on written question. *DBMS Consultants, Ltd. v. Computer Associates Intl, Inc.*, *supra*, 131 F.R.D. at 370.

**B.     Showing of good cause/obtaining discovery first from defendant Lewis**

Satisfied also argues that BPI has failed to show good cause and that BPI's letter rogatory is unnecessary because any relevant, non-objectionable discovery requests can be answered by

4

defendant Lewis and that BPI should obtain discovery from Lewis before seeking discovery from it.

The Magistrate Judge is unpersuaded by Satisfied's argument that BPI must demonstrate good cause and/or first obtain discovery from Lewis before it would be entitled to seek discovery from Satisfied. As pointed out in BPI's reply, Satisfied has the burden to demonstrate why the Letter Rogatory should **not** issue. To reiterate:

> . . . . On an application for the issuance of a letter rogatory seeking deposition in a foreign country, the Court will not ordinarily weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony. [. . .] Courts and commentators take the position that some good reason must be shown by the **opposing party** for a court to deny an application for letter rogatory.

*DBMS Consultants, Ltd.*, 131 F.R.D. at 369 (internal citations omitted) (emphasis added).

Thus, contrary to Satisfied's argument, it is incumbent upon Satisfied to demonstrate that BPI's request exceeds the "liberal discovery provisions" of the Federal Rules which allows BPI to "inquire through deposition as to matters whose admissibility is not immediately apparent, as long as the inquiry is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (citing Fed. R. Civ. P. 26(a), 26(b)(1)). Due to the fact that this court should make no effort to determine the actual evidence sought by BPI, the allegations set forth in the Complaint that Lewis improperly removed and utilized BPI's formulas, combined with the admitted relationship between Lewis and Satisfied and the return of BPI's formula to it through discovery from another third-party, Satisfied's partner, Thermal Ceramics, exceeds the low threshold that BPI's request might likely lead to the discovery of admissible evidence.

The Magistrate Judge is also unpersuaded by Satisfied's argument that BPI should first make efforts to obtain this discovery from Lewis before it would be entitled to request discovery from

Satisfied. The fact that the same information may be available from two different sources does not excuse one of those sources from producing the information.[3]

**C.     Scope of discovery**

Satisfied also contends that the proposed discovery BPI seeks from it is so broad that it violates the Federal Rules of Civil Procedure and that BPI is simply on a "fishing expedition." Satisfied, noting that it is one of BPI's chief competitors, submits that many of the specific discovery requests and topics in Plaintiff's Notice of 30(b)(6) Deposition, First Set of Interrogatories, and First Set of Production of Documents (collectively "the Discovery Requests") have no purpose other than to uncover its (Satisfied's) trade secrets and business operations. For example, Satisfied points out that many of the requests seek information about Satisfied's relationship and business dealings with Thermal Ceramics, another non-party against whom Plaintiff has made no allegations in its Complaint.

Satisfied submits that the only subjects even arguably relevant to the complaint are (1) the relationship between Satisfied and David Lewis and (2) any documents or information David Lewis may have shared with Satisfied regarding Plaintiff's confidential and proprietary information but only to the extent that information and those documents are unrelated to any of Satisfied's own confidential and proprietary information.

To summarize Satisfied's argument, Satisfied argues that in the event the court issues the letter rogatory, the court should limit the discovery sought by BPI only to information conveyed to Satisfied by Lewis and to documents provided to Satisfied by Lewis that are unrelated to any of Satisfied's own confidential and proprietary information.

---

[3] On this point, BPI states that to date, Lewis has refused to produce any documents related to Satisfied. (See letter from A. Johnson to J. Stiehl dated May 20, 2009, attached as Exhibit H to BPI's Reply in Support of Motion for Issuance of Letter Rogatory to Satisfied Brake Products, Inc.) ("Defendant, however, continues to object to producing Satisfied's [...] confidential and proprietary information at this point.")

Upon review of the proposed discovery requests BPI submitted with its request for a letter rogatory, the Magistrate Judge concludes that the scope of those particular requests was too broad. Subsequent to the hearing on June 17, 2009, the parties have, at the court's direction, attempted to reach an agreement on the scope of the discovery BPI would like to obtain from Satisfied, and BPI has revised and narrowed the discovery it proposes to obtain from Satisfied. Nevertheless, BPI and Satisfied were unable to reach an agreement on this matter. Although Satisfied states that it is prepared to provide certain discovery to BPI subject to entry of an appropriate protective order, Satisfied continues to object to some of BPI's proposed discovery requests, as amended. Satisfied's objections are addressed below:

**1. Interrogatories**

BPI proposes to serve eight (8) Interrogatories to Satisfied. Satisfied continues to object to BPI's proposed Interrogatories, asserting that they are not proper to a non-party and are not permitted in Canadian courts.

The Magistrate Judge is unpersuaded by Satisfied's objection to BPI's Interrogatories. To reiterate, Satisfied fails to recognize that the discovery BPI seeks and the letter rogatory is being requested under Fed. R. Civ. P. 28(b)(3), which allows a Court to issue a Letter Rogatory on any terms which are "just and appropriate," which can include any method prescribed under the Federal Rules, including, e.g., deposition on written question. *DBMS Consultants, Ltd. v. Computer Associates Intl, Inc.*, *supra*, 131 F.R.D. at 370. For these reasons, Satisfied's objection concerning the Interrogatories will be overruled.

**2. Document requests**

    3.    All documents and communications evidencing or relating to the formulas, processes, techniques or efforts to manufacture brake pads in connection with, as a result of, or in any way related to, Dave Lewis since January 1, 2008.

    4.    All formulas, processes, techniques or efforts to manufacture brake pads for which David Lewis has provided information, input, consultation or any form of assistance.

Satisfied states that it will produce certain documents to BPI subject to entry of an appropriate protective order; however, irrespective thereof, Satisfied objects to the foregoing Document Requests 3 and 4, which Satisfied asserts "continue to be too broadly worded and do not conform to matters relevant to your case against Mr. Lewis."

Satisfied states that it is reluctant to disclose to BPI any information that it deems to be confidential, proprietary, and/or trade secret information in the absence of entry of "an appropriate protective order."

While the Magistrate Judge certainly understands Satisfied's desire for such measure to ensure the protection of its business enterprise, upon review of the record, the Magistrate Judge concludes that a protective order is already in place that should guarantee Satisfied the insurance it seeks to protect the confidentiality of any trade secret, proprietary, and/or business information disclosed to BPI. On May 11, 2009, the court entered a 12-page Agreed Protective Order which, *inter alia*, governs Protected Information "produced by or on behalf of any party, **provided by third parties or furnished by any person associated with any party on or after the date of this Order . . .**" (emphasis added). Agreed Protective Order, p. 1 [DE #25]. Additionally, ¶ 14 of said Order also addresses the disclosure of Protected Information by non-parties, stating as follows:

> 14. Production by Non-Parties. The existence of this Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order.

Agreed Protective Order, p. 11 [DE #25].

Consequently, based on the terms of the foregoing Agreed Protective Order, the Magistrate Judge concludes that the condition precedent Satisfied desires before it will disclose Protected Information to BPI has been met. There is no need for entry of another Protective Order specifically designed for Satisfied.

Concerning Satisfied's remaining objection to Document Requests 3 and 4 that they "continue to be too broadly worded and do not conform to matters relevant to your case against Mr.

Lewis," the Magistrate Judge is unpersuaded by this argument. Based on BPI's allegations and the factual background of this case, the Magistrate Judge concludes that Document Requests 3 and 4 are **not** too broadly worded and that Satisfied is obligated to respond thereto. Satisfied's objection as to breadth will be overruled.

### 3. BPI's Notice of Deposition

BPI has also amended its Notice of Rule 30(b)(6) Deposition for Satisfied Brake Products, Inc., limiting this deposition to three (3) topics. Satisfied objects to Topic No. 2, which is set out below:

> 2. Any formulations or brake pads in which Dave Lewis assisted in the creation, testing, production or sale;

As grounds for its objection, Satisfied states:

> . . . As written, this topic would delve into again many issues that are in no way related to Plaintiff's claims against David Lewis and may impinge upon Satisfied's own right to maintain its confidential information and run its business effectively. Satisfied will provide testimony and documents regarding the formulas which were prepared for it by David Lewis, but will not provide original Satisfied formulas which were sent to David Lewis, not will Satisfied produce any original Satisfied formulas which Mr. Lewis may have modified.

Letter of 6/18/09 from David A. Owen to Jason P. Stiehl, p. 2.

Based on the Agreed Protective Order entered herein on May 11, 2009, which protects the confidential, proprietary, and/or trade secret information that is the subject of Topic No. 2, the Magistrate Judge concludes that the disclosure of the information requested in Topic No. 2, including any "original Satisfied formula" which David Lewis may have modified, is necessary to fully assess BPI's claims against David Lewis. It will be necessary for BPI to compare any "original Satisfied formula" with any modifications that David Lewis may have made thereto in order to determine if in making such modifications, David Lewis used any of BPI's confidential and/or trade secret information that he may have misappropriated. For these reasons, Satisfied's objection to Topic No. 2 will be overruled.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Satisfied's objection to BPI's Motion for the Issuance of Letter Rogatory is **OVERRULED**.

2. Satisfied's objections to the Interrogatories, Document Requests 3 and 4, and Topic No. 2 of the Notice of Rule 30(b)(6) Deposition Notice to Satisfied are **OVERRULED**.

3. BPI's Motion for the Issuance of Letter Rogatory [DE #21] is **GRANTED**.

This 6th day of July, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge