UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-132-KSF
(CONSOLIDATED WITH CIVIL ACTION NO. 10-212-KSF

BRAKE PARTS, INC.     PLAINTIFF

v.

DAVID LEWIS, SATISFIED BRAKE
PRODUCTS, INC. and ROBERT KAHAN     DEFENDANTS

and     **OPINION & ORDER**

SATISFIED BRAKE PRODUCTS, INC.     COUNTER-CLAIMANT

v.

BRAKE PARTS, INC. and
AFFINIA GROUP, INC.     COUNTER-DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion [DE #108] of the counter-defendants, Brake Parts, Inc. ("BPI") and Affinia Group, Inc. ("Affinia"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the counterclaims filed against them by the counter-claimant, Satisfied Brake Products, Inc. and Robert Kahan (collectively "Satisfied"). For the reasons set forth below, BPI and Affinia's motion to dismiss will be granted in part and denied in part.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

BPI, a Delaware corporation with its principal place of business in McHenry, Illinois, is a leading manufacturer of brake products, including brake pads. Satisfied, a Canadian corporation that

1

distributes its products throughout the United States, competes with BPI in the market for brake pads. Robert Kahan is Satisfied's executive vice president. Affinia is a privately held company incorporated in Delaware with a principal place of business in Michigan. Affinia conducts business through a manufacturing facility in Stanford, Kentucky. BPI is a subsidiary of Affinia.

This litigation originated with BPI's allegation that Satisfied and Kahan illegally procured BPI's confidential formulae, mechanisms, and processes for brake pad manufacturing through a clandestine arrangement with one of BPI's employees, David Lewis. After a series of hearings, and two rounds of briefing, the Court entered its Preliminary Injunction Order [DE #136] on December 15, 2010, which enjoins Satisfied from, *inter alia*, using or selling products based on stolen BPI formulations.

Prior to entry of the Preliminary Injunction Order, Satisfied filed its Amended Answer to BPI's First Amended Complaint and its Counterclaim against BPI and Affinia [DE #95]. Specifically, Satisfied brings claims of tortious interference with contractual relations, tortious interference with prospective business relations, and defamation. Satisfied's claims are based on its allegation that Affinia's in-house counsel, Jeffery Wawrzyniak, contacted the president of National Automotive Parts Association ("NAPA") and stated: (1) that Satisfied stole formulas, (2) that Satisfied's products were identical or derivative from BPI's formulas, (3) that BPI intended to prevent Satisfied from marketing those products through litigation, (4) that NAPA should not continue its relationship with Satisfied, and (5) that BPI was likely to put Satisfied out of business. As a result of these alleged statements, Satisfied contends that it lost the exclusive right to market a particular product, Adaptive One, for NAPA based on the "uncertainty" of whether "Satisfied would survive the litigation." Satisfied further alleges that it lost the possibility of business it was

likely to receive based on BPI's and Affinia's actions. BPI and Affinia have filed a motion to dismiss Satisfied's counterclaim [DE #108].

## II. MOTION TO DISMISS STANDARD

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *Id.* at 555 (citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). In ruling upon a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005).

A district court may not grant a Rule 12(b)(6) motion because it does not believe the complaint's factual allegations. *Wright v. MetroHealth Medical Center*, 58 F.3d 1130, 1138 (6th Cir.1995). However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

## III. ANALYSIS

Satisfied asserts three claims against BPI and Affinia. Each claim is addressed separately below.

## A. INTENTIONAL INFERENCE WITH CONTRACTUAL RELATIONS

In Count I of its counterclaim, Satisfied alleges that it entered into a contract with NAPA, through which it has provided and continues to provide a significant volume of brake products. Satisfied alleges that BPI and Affinia are aware of the existence of this contract. Satisfied alleges that BPI and Affinia intended to cause the breach of Satisfied's contract with NAPA by making false statements about Satisfied and encouraging NAPA to stop doing business with Satisfied. Satisfied alleges damages as a result of this alleged interference.

To state a claim for intentional inference with contractual relations under Kentucky law, a plaintiff must allege "(1) the existence of a contract; (2) defendant's knowledge of this contract; (3) that it intended to cause its breach; (4) its conduct caused the breach; (5) this breach resulted in damages; and (6) defendant had no privilege or justification to excuse its conduct." *CMI, Inc. v. Intoximeters,* Inc., 918 F.Supp, 1068, 1079 (W.D.Ky. 1995); *Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 2006 WL 980732, *1 (E.D.Ky Mar. 7, 2006).

While not exactly clear from its counterclaim, Satisfied explains in its response to BPI and Affinia's motion to dismiss that this claim is based on Satisfied's contract to be the exclusive provider of the Adaptive One program to NAPA [DE #127]. However, Satisfied admits in its counterclaim that this contract was due to expire in November 2010. Satisfied never alleges that NAPA or anyone else breached the contract; rather, Satisfied merely alleges that NAPA elected not to renew the exclusive contract. Without alleging any breach of a contract, Satisfied's claim cannot proceed. *See Gresh v. Waste Services of America, Inc.*, 311 Fed. Appx 766, 777 (6th Cir. 2009); *Indus. Equip. Co. v. Emerson Elec. Co.*, 554 F.2d 276, 289 (6th Cir. 1977); *CMI, Inc.*, 918 F.Supp. at 1079. Accordingly, BPI and Affinia's motion to dismiss Count I of Satisfied's counterclaim is

4

granted.

### B. INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS

Count II of Satisfied's counterclaim alleges that BPI and Affinia intentionally interfered with Satisfied's prospective business relations. In Kentucky, liability for this tort arises when a party improperly interferes with a valid business expectancy. *See NCAA v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1998). In *Hornung*, 754 S.W.2d at 857, the Kentucky Supreme Court officially adopted sections 776, 767, and 773 of the Restatement (Second) of Torts to define this tort. Section 776B provides as follows: "One who intentionally and improperly interferes with another's prospective contractual relation . . . is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of (a) inducing or otherwise causing a third person not to enter into or continue the prospective relation or (b) preventing the other from acquiring or continuing the prospective relation." Restatement (Second) of Torts § 766B. Section 767 sets out the following factors to be considered when determining whether the interference is improper: (a) the nature of the actor's conduct; (b) the actor's motive; (c) the interests of the other with which the actor's conduct interferes; (d) the interests sought to be advanced by the actor; (e) the social interests in protecting the freedom of the actor and the contractual interests of the other; (f) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties. Restatement (Second) of Torts §767.

Although not officially adopted by Kentucky courts, Section 768 of the Restatement (Second) of Torts provides guidance when the parties are competitors. According to Section 768, the competition is proper if: (a) the relation concerns a matter involved in the competition between the

actor and the other and (b) the actor does not employ wrongful means and (c) his action does not create or continue an unlawful restraint of trade and (d) his purpose is at least in part to advance his interest in competing with the other. Restatement (Second) of Torts §768. According to Comment a of Section 767, the general factors in that section are supplanted by the factors in Section 768 when the parties are competitors. While Kentucky has not officially adopted Section 768, this Court agrees with the district court's analysis in *Ventas, Inc. v. HCP, Inc.*, 2009 WL 2912779 (Sept. 8, 2009), that Kentucky courts would utilize the Section 768 factors as the appropriate factors for evaluating the legality of competitive conduct between BPI/Affinia and Satisfied. Moreover, based on the holding of the Kentucky Supreme Court in *Hornung*, the wrongful means requirement in subsection (b) must arise to "significantly wrongful conduct." *Hornung*, 754 S.W.2d at 859.

Applying the Section 768 factors to the facts in this case, the Court cannot find that Satisfied has established a prima facie case of intentional interference with prospective business relations. Satisfied's claim hinges on a few comments made by Wawrzyniak to NAPA which resulted in NAPA not renewing an exclusivity contract. Even if these statements were made by Wawrzyniak, and even if they caused NAPA not to reenter into the exclusivity contract, these statements alone are insufficient to state a claim due to the competitive relationship between Satisfied and BPI and Affinia. Satisfied has not alleged any the necessary "malice" or bad faith, deception, or wrongful acts without legal justification or excuse to proceed. *See Brooks v. Patterson*, 29 S.W.2d 26, 29 (Ky. 1930). Accordingly, BPI and Affinia's motion to dismiss Satisfied's intentional interference with prospective business relations will be granted.

    **C.    DEFAMATION**

Finally, in Count III of its counterclaim, Satisfied asserts a claim against BPI and Affinia for

defamation based on "numerous false statements to Satisfied's customers, including claims that Satisfied's existing products are the result of fraudulent activity." [DE #89, ¶50]. In order to proceed on a claim for defamation, Satisfied must come forward with sufficient factual allegations of specific statements which: (1) contain defamatory language, (2) about the plaintiff, (3) which is published, and (4) which causes injury to its reputation." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 796 (Ky. 2004). While BPI and Affinia do not argue that Satisfied has failed to establish any of these elements, they claim that because Wawrzyniak's statements were pure opinion, or were true, Satisfied's claim of defamation cannot proceed.

Pure opinion "occurs when the commentator states the facts on which the opinion is based, or where both parties to the communication know or assume the exclusive facts on which the comment is based." *Id*. at 796. Generally, this type of opinion is not actionable because "[t]he reader is in as good a position as the author to judge whether the conclusions" reached by the author were correct. *Lassiter v. Lassiter*, 456 F.Supp.2d 876, 882 (E.D.Ky. 2006). Statements of opinion are only actionable where the opinion "implies the allegation of undisclosed defamatory fact as the basis for the opinion." *Yancey v. Hamilton*, 786 S.W.2d 854, 857 (Ky. 1989)(citing Restatement (Second) of Torts § 566 (1977).

Taking Satisfied's allegations as true, the Court cannot say at this stage of the litigation that Wawrzyniak's alleged statements were pure opinion. The determination of whether a specific statement is one of opinion or fact is a difficult one which is best made with the benefit of the context in which the statement was made and the circumstances under which it was made. At the motion to dismiss stage, Satisfied is entitled to all reasonable inferences and the exact details and substance of Wawrzyniak's statements will be discerned through discovery. Additionally, while the

7

Court has found that BPI is likely to succeed on its claims at the preliminary injunction stage, it is simply too early to determine whether Wawrzyniak's statements are actually true. Accordingly, BPI and Affinia's motion to dismiss Satisfied's defamation claim will be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) BPI and Affinia's motion to dismiss Satisfied's counterclaim [DE # 108] is **GRANTED IN PART** and **DENIED IN PART** as follows;

(2) Satisfied's claims for intentional interference with contractual relations and intentional interference with prospective business relations are **DISMISSED**; and

(3) Satisfied's claim for defamation **REMAINS PENDING** against BPI and Affinia.

This January 6, 2011.



Signed By:
*Karl S. Forester* KSF
**United States Senior Judge**