UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-132-KSF
(CONSOLIDATED WITH CIVIL ACTION NO. 10-212-KSF)

BRAKE PARTS, INC.     PLAINTIFF

v.

DAVID LEWIS, SATISFIED BRAKE
PRODUCTS, INC. and ROBERT KAHAN     DEFENDANTS

and      **OPINION & ORDER**

SATISFIED BRAKE PRODUCTS, INC.     COUNTER-CLAIMANT

v.

BRAKE PARTS, INC. and
AFFINIA GROUP, INC.     COUNTER-DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

Currently before the Court is the motion [DE #153] of Genuine Parts Company ("GPC"), pursuant to Rule 24(a) and (b) of the Federal Rules of Civil Procedure, to intervene in this action for the limited purpose of seeking a temporary stay of those portions of the December 15, 2010 Preliminary Injunction that require defendant Satisfied Brake Products, Inc. ("Satisfied") to recall and/or withhold from the market all Adaptive One friction products. Although Satisfied and the plaintiff, Brake Parts, Inc. ("BPI") do not oppose GPC's motion to intervene, BPI has proposed certain limitations to the stay to which Satisfied objects. BPI has also filed a tendered sur-reply,

1

which it moves the Court for leave to file [DE #162].

I.      FACTUAL AND PROCEDURAL BACKGROUND

On December 15, 2010, this Court entered its Preliminary Injunction which requires Satisfied to, *inter alia*, recall and/or withhold from the market all Adaptive One friction products [DE #146]. Satisfied filed its appeal of the Preliminary Injunction Order [DE #137] and its emergency motion to stay pending appeal [DE #138] on December 16, 2010. In support of its emergency motion to stay, Satisfied argued, *inter alia*, that the Preliminary Injunction would have an enormous impact on its customers. On December 20, 2010, the Court denied Satisfied's emergency motion to stay. A motion to stay was also denied by the Sixth Circuit Court of Appeals. An expedited briefing schedule has been established by the appellate court. *Brake Parts, Inc. v. David Lewis, et al*, Sixth Circuit Court of Appeals No. 10-6531.

On December 20, 2010, Satisfied notified GPC of the injunction. GPC distributes automotive replacement parts, including Adaptive One friction products, under brand names such as NAPA and Rayloc through distribution centers, retail stores, and independently owned affiliated retail stores across the United States and Canada. "Adaptive One" is a registered trademark of GPC and is the brand name for GPC's premium friction products. Satisfied is the primary supplier of GPC's Adaptive One friction products.

Then, on December 28, 2010, GPC filed its motion to intervene [DE #153]. In support of its motion, GPC states that it has a current inventory of Adaptive One friction products of approximately $42,900,000, with an additional $11,100,000 in transit or production. At this time, one hundred percent of GPC's current inventory of Adaptive One products consists of Satisfied's products that are subject to the Preliminary Injunction Order. Additionally, GPC states that it is

under contract to purchase approximately $2,800,000 in Adaptive One friction products from another supplier, but that it would take a minimum of three to four months to replace its inventory with Adaptive One products from other suppliers.

GPC requests to intervene for the limited purpose of requesting temporary relief from the Preliminary Injunction order to allow it to continue to distribute and sell Adaptive One friction products pending its location of an acceptable alternative supplier. GPC asks for a stay of the Preliminary Injunction order for sixty days only insofar as it requires Satisfied to recall and withhold from the market Adaptive One friction products.

BPI does not oppose GPC's motion to intervene, however, BPI proposes that the stay include the following parameters. First, BPI seeks to require GPC to specifically account for any and all brake parts under the Adaptive One product line provided by Satisfied (or an affiliate/agent/partner/association of Satisfied) and track all sales on an ongoing basis of those identified parts. Second, BPI requests that any monies collected from the sale of these brake parts which would ordinarily flow to Satisfied be set aside in a Court-maintained (or otherwise established) escrow fund to account for potential damages in this case.

In response, Satisfied argues that this court lacks jurisdiction to modify the injunction while the appeal is pending. According to Satisfied, the limitations proposed by BPI would alter the status quo to BPI's benefit and Satisfied's detriment by expanding the effect of the injunction. BPI responds in its tendered reply, which the Court will consider, that absent the escrow fund, it would oppose GPC's motion to intervene.

## II. ANALYSIS

While GPC may satisfy the requirements for intervention under Rule 24(a), the limited

purpose for which it seeks to intervene - to stay the Preliminary Injunction - has already been considered and denied by this Court. The Court of Appeals has also considered and rejected the same arguments previously raised by Satisfied and now raised by GPC. Certainly, the Preliminary Injunction order has an enormous impact on GPC and perhaps other customers of Satisfied. Nevertheless, as the Court has already held, this impact is outweighed by the potential harm to the public interest in failing to protect companies' confidential information through the issuance of preliminary injunction orders.

Furthermore, once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)(per curiam). The purpose of this rule is to promote judicial economy and to avoid the confusion that would ensue from having two courts consider the same issue simultaneously. *See* 20 James Wm. Moore, *Moore's Federal Practice*, §303.23[1] (3d ed. 2000). This rule, however, is not absolute. The district court retains jurisdiction during the pendency of an appeal to act to preserve the status quo. *Newton v. Consolidate Gas Co.*, 258 U.S. 165, 177 (1992)(citations omitted). This exception to the jurisdictional transfer principle has been codified in Rule 62(c) of the Federal Rules of Civil Procedure, which authorizes a district court to continue supervising compliance with the injunction. *See* Fed.R.Civ.P. 62(c)("When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the [district] court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal . . . as its considers proper for the security of the rights of the adverse party.").

Here, the relief requested by GPC does not preserve the status quo, but to essentially confer an additional benefit upon Satisfied by allowing it to profit from its conduct which the Court found

likely to amount to misappropriation of BPI's trade secrets.  Additionally, the limitations proposed by BPI would confer a benefit on BPI.  The stay proposed by GPC, either with or without BPI's proposed limitations, does not preserve the status quo.  Thus, the Court lacks jurisdiction to enter the stay requested by GPC or the limitations proposed by BPI.  Accordingly, GPC's motion to intervene for the limited purpose of obtaining a stay of the Preliminary Injunction order will be denied.

### III.  CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) BPI's motion to file sur-reply [DE # 162] is **GRANTED** and the tendered sur-reply is **DEEMED FILED**; and

(2) GPC's motion to intervene [DE #153] is **DENIED**.

This January 11, 2011.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge