UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-132-KSF

BRAKE PARTS, INC.                                                          PLAINTIFF

v.

DAVID LEWIS, SATISFIED BRAKE
PRODUCTS, INC. and ROBERT KAHAN                       DEFENDANTS

**OPINION & ORDER**

SATISFIED BRAKE PRODUCTS, INC.                     COUNTER-CLAIMANT

v.

BRAKE PARTS, INC. and
AFFINIA GROUP, INC.                                      COUNTER-DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the unopposed motion [DE #189] of the plaintiff, Brake Parts, Inc. ("Brake Parts"), for leave to file its Second Amended Complaint. Also before the Court is the motion [DE #190] of the defendants, Satisfied Brake Products, Inc. ("Satisfied") and Robert Kahan ("Kahan"), for a protective order, pursuant to Rule 26 of the Federal Rules of Civil Procedure, to stay all deposition discovery until after the Court rules on Brake Parts' motion for leave to file its Second Amended Complaint and any subsequent motions to dismiss. This motion is fully briefed and is ripe for review.

Brake Parts seeks to file a second amended complaint adding additional counts and defendants based on information it has recently obtained through Satisfied's actions in its Canadian bankruptcy proceeding. Inasmuch as there is no opposition to this motion and the time for filing

motions to amend has not yet expired, the Court will grant Brake Parts' motion for leave to file a Second Amended Complaint.

In support of their motion for a protective order staying deposition discovery, Satisfied and Kahan (collectively "Satisfied") contend that the Court should first rule on anticipated motions to dismiss the Second Amended Complaint before allowing further deposition discovery. According to Satisfied, the anticipated motions to dismiss will narrow the scope of the action and the deposition discovery required.

Rule 26(c) of the Federal Rules of Civil Procedure grants district courts discretion to enter a protective order where individuals establish good cause that the entry of such an order is necessary to protect them from "annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c). In order to satisfy this burden, Satisfied must demonstrate "specific facts showing clearly defined and serious injury resulting from the discovery sought," as opposed to relying solely on "mere conclusory statements." *Nix v. Sword*, 11 Fed.Appx. 498, 500 (6th Cir. 2001). Having carefully reviewed Satisfied's motion and its reply, the Court concludes that Satisfied has failed to meet this burden. Not only has Satisfied failed to come forward with "specific facts" sufficient to satisfy its burden, but Satisfied has also failed to establish how the scope of discovery would be different if the court were to grant any anticipated motion to dismiss. The liberal discovery rules of the Federal Rules of Civil Procedure will likely allow Brake Parts to inquire into areas addressed in the Second Amended Complaint whether or not it is dismissed in whole or in part. Accordingly, the Court will deny Satisfied's motion for a protective order staying deposition discovery.

Contained within Brake Parts' response to Satisfied's motion for a protective order is a

request that Satisfied be required to produce any corporate witnesses, including Robert Kahan and Stewart Kahan, for deposition in Lexington, Kentucky within 14 days of entry of any order. This request is based upon Brake Parts' "anticipation of a continued fight with Satisfied regarding the locations of the deposition." At this time, the Court declines to enter such an order mandating the location of the depositions. In the event the parties cannot reach an agreement about the location of the depositions, Brake Parts may file a motion with the requisite Rule 37(1) certification. The Court will, however, require that Satisfied produce any corporate witnesses, including Robert Kahan and Stewart Kahan, within 14 days of entry of this Opinion & Order.

Finally, Brake Parts seeks its fees and expenses in responding to this motion. While Satisfied's motion for a protective order will be denied, the Court declines to award any expenses and fees in connection with Brake Parts' response.

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Brake Parts' motion for leave to file a Second Amended Complaint [DE #189] is **GRANTED**, and the Clerk is **DIRECTED** to **FILE** the tendered Second Amended Complaint;

(2) Satisfied's motion for a protective order staying deposition discovery [DE #190] is **DENIED**; and

(3) Satisfied shall produce any corporate witnesses, including Robert Kahan and Stewart Kahan, for deposition within 14 days of entry of this Opinion & Order.

This May 10, 2011.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**